## Commonwealth v. Hyman

*Robert F. Banks*, Assistant District Attorney, for Commonwealth.

*Michael J. Wherry*, for defendant.

STRANAHAN P. J. September 10, 1971.—Defendant was tried on a charge of violating 18 PS §4716, which provides that whoever wantonly points a gun at another person is guilty of a misdemeanor.

She has now made a motion for a new trial and arrest of judgment, and these motions are now before the court for disposition.

The first contention of defendant is that the indictment provides that she pointed a weapon at Officer Green, a Farrell policeman, when actually she did not point the deadly weapon at Officer Green but rather pointed the deadly weapon at her boyfriend who was in the general area. This contention has no merit, since the testimony in the case would indicate that Officer Green testified as a witness and indicated that the weapon was pointed at him. This, of itself,

is sufficient to warrant submission of the matter to the jury and for the jury to find defendant guilty if it believed the Commonwealth's testimony.

The second contention of defendant is that the court did not define the word "wantonly" in a proper manner. Defendant does not indicate exactly how she believes that the word "wantonly" should be construed, but, apparently, it is defendant's contention that "wantonly" implies a specific intent to point a weapon.

In its charge, the court stated the following:

"Now the word 'wantonly' is a legal word. It's not a word that you and I normally use when we are talking to somebody at the grocery store. The word wantonly in the law means more than with simple negligence. It carries with it the meaning of recklessness or with an utter disregard of the consequences. Therefore, the question for you to determine is whether this defendant is guilty of pointing a gun in a reckless manner with an utter disregard of what was going to happen."

We have reviewed some of the cases and conclude that, as long as the judge does not confuse carelessness or negligence with the term wantonness, there is no error in the charge.

In Commonwealth v. Reinheimer, 17 Bucks 410 (1968), the trial judge instructed the jury as to wantonness by defining it as "recklessly, carelessly, failing to use the degree of care of an ordinary prudent person." This, of course, is improper because wantonness implies more than simple negligence.

In Commonwealth v. Sutley, 48 D. & C. 2d 279 (1969), the court correctly states that the Commonwealth must produce evidence which would exclude an inference that the pointing was done unintentionally.

We have reviewed the court's charge in the present

case, a portion of which we have set forth, and we cannot conclude that this charge could be construed by the jury to mean simple negligence. The court carefully points out that "wantonly" means more than with simple negligence, but carries with it the connotation of an utter disregard of the consequences. Such being the case, we find no error in the court's charge.

## ORDER

And now, September 10, 1971, defendant's motion for a new trial and arrest of judgment is refused and exceptions are granted to defendant from the ruling of this court.